# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | |
|---|---|
| ANTONIO M. CROCKETT, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | NO. 1:17-0001 |
| ) | JUDGE CRENSHAW |
| ZEBULTON STULTS *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Plaintiff Antonio M. Crocket is a state prisoner presently incarcerated at the South Central Correctional Facility in Clifton, Tennessee. Before the court is Plaintiff's application to proceed *in forma pauperis.* (Doc. No. 2.) In addition, Plaintiff filed a form Complaint for Violations of Civil Rights under 42 U.S.C. § 1983 against defendants Zebulton Stults; Corey Cattrell; Sgt. Leigh Staggs; Rhonda Staggs; Warden Cherry Lindamood; Correction Corporation of American Commissioner Jason Woodall and Correction Corporation of America ("CCA"). As a supplement to the form Complaint, Plaintiff attached eight hand-written pages and numerous exhibits.

### I. Application to Proceed *In Forma Pauperis*

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, the application (Doc. No. 2) will be granted.

Nevertheless, under § 1915(b), Plaintiff remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs' the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff will be assessed the full $350 filing fee, to be paid as directed in the order accompanying this memorandum opinion.

## II. Initial Review

### A. Standard of Review

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**B.      Factual Allegations**

Plaintiff alleges that on October 23, 2016, he was being escorted from the shower facility by Defendants Stults and Cattrell. Plaintiff was restrained in handcuffs and a belly chain. According to Plaintiff, Stults and Cattrell attacked him. Plaintiff alleges that his head was slammed into the ground rendering him unconscious. When he regained consciousness, Defendants used their knees to apply all of their weight onto Plaintiff's head and lower back. Because Plaintiff's wrists were handcuffed in front of his body and the handcuffs were attached to a belly chain, Plaintiff was laying on his wrists which were cut and swollen. Since this incident, Plaintiff has had constant migraine headaches and back pain. Plaintiff alleges that Defendants suffered no consequences after they assaulted Plaintiff, and that they continue to work around Plaintiff.

In the supplement to the form Complaint, Plaintiff reiterates the facts alleged in the form Complaint, but alleges that he filed a grievance regarding the assault. Defendant L. Staggs denied Plaintiff's grievance. Defendant Lindamood eventually received his grievance, which she also denied. Plaintiff complained to his unit manager Defendant R. Staggs who, he alleges, failed to act on his complaint. Finally, Plaintiff alleges that Defendant Woodall refused to

review camera footage taken while Plaintiff was attacked by Defendants Stults and Cattrell. Plaintiff alleges that Defendants L. Staggs, R. Staggs, Lindamood and Woodall failed to properly consider his grievances and complaints in an effort to cover up the assault committed by Defendants Stults and Cattrell.

As relief, Plaintiff seeks monetary damages and he requests that the Court order a variety of measures to protect him, including moving him to a different prison, bring criminal charges against Defendants Stults and Cattrell and firing those Defendants who refused to rule in his favor on his grievances and Defendants Stults and Cattrell.

### C. Discussion

#### 1. CCA

Plaintiff does not set forth any facts to suggest any wrongdoing by CCA. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. See Twombly, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Plaintiff has failed to attribute any conduct at all to CCA. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. See Gilmore v. Corr. Corp. of Am., 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

Moreover, to succeed on a claim against CCA[1], Plaintiff must allege that he has suffered harm because of a constitutional violation and that a policy or custom of the entity caused the

---

[1] For purposes of this memorandum opinion, the Court finds that CCA is a state actor. See Street v. Corrections Corporation of America, 102 F.3d 810, 814 (6th Cir. 1996) (finding that Corrections Corporation of America was a state actor "in that [it was] performing the 'traditional state function' of operating a prison.)

4

harm. Id.; Soper v. Hoben, 195 F.3d 845, 853-54 (6th Cir. 1999). Plaintiff does not allege that a policy or custom of CCA caused the constitutional violations about which he complains. Accordingly, CCA must be dismissed.

2.   Defendants L. Staggs, R. Staggs, Lindamood and Woodall

Plaintiff alleges that Defendants L. Staggs, R. Staggs, Lindamood and Woodall failed to conduct a proper investigation in response to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. Iqbal, 556 U.S. at 676; Monell, 436 U.S. at 691; Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. Grinter v. Knight, 532 F.3d 567, 575-76 (6th Cir. 2008); Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. Grinter, 532 F.3d at 576; Greene, 310 F.3d at 899; Summers v. Leis, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). As the Sixth Circuit repeatedly has emphasized:

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

Taylor v. Mich. Dep't of Corr., 69 F.3d 76, 81 (6th Cir. 1995) (citing Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)); accord Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir. 1995); Walton v. City of Southfield, 995 F.2d 1331, 1340 (6th Cir. 1993); Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). Liability under § 1983 must be based on active

5

unconstitutional behavior and cannot be based upon "a mere failure to act." Shehee, 199 F.3d at 300 (quoting Salehpour v. Univ. of Tenn., 159 F.3d 199, 206 (6th Cir.1998)). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Plaintiff has failed to allege that Defendants L. Staggs, R. Staggs, Lindamood and Woodall engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### 3. Eighth Amendment Violation

Plaintiff alleges that while he was restrained in handcuffs and a belly chain, Defendants Stults and Cattrell, who were escorting him from the shower facility, attacked him rendering him unconscious. When he regained consciousness, Defendants Stults and Cattrell used their knees to apply all of their weight onto Plaintiff's head and lower back which caused Plaintiff to suffer injuries, including cut and swollen wrist, constant migraine headaches and back pain.

At this juncture, the Court finds that Plaintiff has set forth sufficient facts to support a claim for violation of his Eighth Amendment rights against Defendants Stults and Cattrell.

## VI. CONCLUSION

For the reasons set forth herein, Plaintiff's application to proceed *in forma pauperis* will be granted. The Complaint will be dismissed against Defendants CCA, L. Staggs, R. Staggs, Lindamood and Woodall. Plaintiff's Eighth Amendment claim against Defendant Stults and Cattrell shall be referred to the Magistrate Judge for further proceedings as described in the accompanying order. An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDG