IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ANTONIO CROCKETT            )
                            )
   v.                       )    NO: 1:17-0001
                            )
ZEBULON STULTS, et al.      )

TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered February 21, 2017 (Docket Entry No. 6), this prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion for summary judgment (Docket Entry No. 21) of Defendants Zebulon Stults and Cory Cottrell. Plaintiff has not responded to the motion. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Antonio Crockett ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") who is currently confined at the West Tennessee State Prison ("WTSP") in Henning, Tennessee. On January 6, 2017, he filed this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 seeking damages and injunctive relief based on allegations that his constitutional rights were

violated at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, where he was confined at the time he filed the lawsuit and prior to being transferred to WTSP.[1]

On October 28, 2016, Plaintiff was being escorted from the shower area in his housing unit at the SCCF back to his cell by Correctional Officers Zebulon Stults ("Stults") and Cory Cottrell ("Cottrell"). As per the institutional policy for his unit, Plaintiff was restrained in handcuffs and a belly chain at the time of being escorted. Plaintiff alleges that Stults attacked him from behind and slammed his head into the ground, causing him to lose consciousness. He alleges that Stults and Cottrell then used their knees to apply all of their weight onto Plaintiff's head and lower back. Plaintiff contends that his wrists were cut and swollen as a result of the attack and that he has suffered constant migraine headaches and back pain since the attack occurred. He alleges that Stults and Cottrell charged him with disciplinary offenses after the incident, but that he was not convicted of the charges. He further alleges that the officers were not reprimanded after the assault and that other prison staff tried to "cover up" the incident. *See* Complaint (Docket Entry No. 1).

By the order of referral, the Court found that Plaintiff had alleged colorable claims that Stults and Cottrell violated his Eighth Amendment rights.[2] Upon Defendants' joint answer to the Complaint, *see* Docket Entry No. 17, a scheduling order was entered. *See* Docket Entry No. 18.

---

[1] Although Plaintiff failed to file a change of address notice, a requirement about which the Court had twice advised him, *see* Docket Entry No. 6 at 3 and Docket Entry No. 18 at 1, he filed a letter with the Court on August 2, 2017, indicating that he had been transferred to the WTSP. *See* Docket Entry No. 19.

[2] Plaintiff's claims against several other defendants named in the Complaint were dismissed. *See* Docket Entry No. 6 at 2.

## II. MOTION FOR SUMMARY JUDGMENT

Defendants seek summary judgment under Rule 56 of the Federal Rules of Civil Procedure. They acknowledge that an incident occurred on October 28, 2016, during which they used physical force to bring Plaintiff to the ground and to restrain him. However, they assert that such force was necessary because Plaintiff had repeatedly attempted to pull away from the officers while being escorted, had ignored verbal orders to stop his behavior, and had attempted to use his body to shove Cottrell down the stairs in the unit. They contend that the use of force was limited and reasonable and was no more than was necessary under the circumstances. They assert that once Plaintiff stopped physically resisting, he was taken to be examined by the medical staff, who, 1) noted no injuries other than redness and an abrasion to Plaintiff's right wrist, and, 2) directed that Plaintiff's handcuffs be loosened and that he be returned to his cell. Defendants contend that an internal investigation of the incident occurred and resulted in a finding that their use of force was necessary and justified.

Defendants argue that the claim brought against them in their official capacities must be dismissed because such a claim is essentially a claim against Corrections Corporation of America ("CCA"), who was a private company that administered the TTCC and was their employer at the time, but that the Court already dismissed claims brought against CCA in its initial review of the Complaint. With respect to the claims brought against them individually, Defendants argue that the undisputed facts do not support a claim that they used excessive force against Plaintiff in violation of his Eighth Amendment rights. In support of their motion, Defendants rely upon the declarations of Cottrell (Docket Entry No. 21-3), SCCF Health Services Administrator Jammie Garner (Docket

Entry No. 21-4), SCCF Unit Manager Ryan Deatherage (Docket Entry No. 21-5), and Stults (Docket Entry No. 21-6), and a statement of Undisputed Material Facts (Docket Entry No. 21-2).

Plaintiff was notified of the motion and given a deadline of October 27, 2017, to file a response. *See* Order entered September 18, 2017 (Docket Entry No. 22). To-date, no response has been filed by Plaintiff.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50.

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

**IV. ANALYSIS**

A. The Applicable Constitutional Standards

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon a prison inmate, *Whitley v. Albers*, 475 U.S. 312, 319-20, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), and the unjustified infliction of bodily harm upon a prisoner by a prison guard gives rise to a claim under 42 U.S.C. § 1983. *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992); *Franklin v. Aycock*, 795 F.2d 1253, 1258 (6th Cir. 1986). Because the Eighth Amendment does not protect against ordinary torts or claims of negligence, Plaintiff's claim requires proof of a level of objective severity and mental culpability that is necessary to implicate constitutional protections. Accordingly, Plaintiff must show that he was subjected to an action that rises to the level of constitutional magnitude. *See Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

B. Merits of Plaintiff's Eighth Amendment Claim

Although Plaintiff's allegations were sufficient to permit his claims against Defendants Stults and Cottrell to survive initial review, he may not rely solely upon the allegations of his Complaint

at this stage of the proceedings. After review of the record, the Court finds that summary judgment should be granted to Defendants. There is insufficient evidence before the Court upon which a reasonable jury could find that Plaintiff's federal constitutional rights were violated by Defendants. Any factual disputes that exist in this action do not rise to the level of genuine issues of material fact that require resolution by the jury.

When a motion for summary judgment is properly supported under Rule 56, such as Defendants' motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

Plaintiff has not satisfied this threshold obligation. He has not responded to Defendants' motion for summary judgment, has not rebutted Defendants' evidence or arguments, and has not supported his claims with any actual evidence. Additionally, he has not specifically responded to Defendants' Statement of Undisputed Facts, as required by Rule 56.01(c) of the Local Rules of Court, and his failure to respond "shall indicate that the asserted facts are not disputed for purposes

of summary judgment." Local Rule 56.01(g). Accordingly, the Court is permitted to rely upon the facts set forth by Defendants as the undisputed facts.

With respect to Plaintiff's excessive force claim, the undisputed evidence shows that: 1) Plaintiff attempted to physically pull away from Defendants on multiple occasions while they were escorting him and he refused verbal orders to stop actively physically resisting; 2) Plaintiff attempted to use his body to push Defendant Cottrell; 3) Plaintiff was physically taken to the ground and restrained by Defendants; 5) Plaintiff did not lose consciousness while restrained; 5) once under control, Plaintiff was picked up and taken to be examined by the medical staff; 6) the medical staff noted redness and an abrasion on Plaintiff's wrist as the only injuries; and 7) an internal investigation at the SCCF found no wrongdoing by Defendants. *See* Defendants' Statement of Undisputed Facts at ¶¶ 14-43.

Given the undisputed facts that are before the Court, a valid penological purpose existed for the use of force against Plaintiff, who was non-compliant and combative, and the force that was used was objectively reasonable and measured under the circumstances. Plaintiff has offered no proof supporting his allegation that Defendants initiated an unprovoked attack on him and caused him to lose consciousness. There is no evidence before the Court upon which to base a conclusion that the force used against Plaintiff was intended as punishment, was gratuitous, or was objectively excessive. Although Defendants do not dispute that Plaintiff suffered a minor injury, the mere fact that Plaintiff was injured does not create a genuine issue of fact supporting his claim given the other facts showing that the use of force was objectively reasonable. Plaintiff has not supported his claim with any evidence upon which a reasonable jury could conclude that Defendants Stults and Cottrell violated his Eighth Amendment rights by using unconstitutionally excessive force against him.

7

The Court agrees with Defendants that any official capacity claims against Defendants were effectively dismissed upon the Court's direct dismissal of CCA from this lawsuit. The official capacity claims are essentially claims against CCA. Furthermore, the lack of any evidence that a constitutional violation occurred would be sufficient to warrant dismissal of any derivative claims against CCA to the extent that Defendants are sued in their official capacities. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

## RECOMMENDATION

Based on the forgoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 21) of Defendants Zebulon Stults and Cory Cottrell be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge